IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SAHAL YUSSUF HASSAN<br><br>v.<br><br>UNITED FINANCIAL CASUALTY COMPANY; PROGRESSIVE COMMERCIAL CASUALTY COMPANY; AND JOHN DOE | C.A. NO. 6:21-cv-173<br><br>JURY DEMANDED |

# PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff, Sahal Yussuf Hassan, files his Original Complaint and Request for Declaratory Judgment and for cause of action will show as follows:

## PARTIES

1. Plaintiff, Sahal Yussuf Hassan ("Hassan"), is an individual citizen of the State of Iowa.

2. Defendant, <u>United Financial Casualty Company</u> ("United"), is a corporation that is incorporated under the laws of the State of Ohio. Defendant has its principal place of business in the State of Ohio. Defendant may be served with process by serving its registered agent, <u>CT Corporation System at 1999 Bryan Street, Suite 900; Dallas, Texas 75201-3136.</u>

3. Defendant, <u>Progressive Commercial Casualty Company</u> ("Progressive"), is a corporation that is incorporated under the laws of the State of Ohio. Defendant has its principal place of business in the State of Ohio. Defendant may be served with process by serving its registered agent, <u>CT Corporation System at 1999 Bryan Street, Suite 900; Dallas, Texas 75201-3136</u>.

4. Defendant, <u>John Doe</u>, is an unknown individual.

## JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, excluding interest and costs, and the case is between citizens of different states.

6. Both Defendant United and Defendant Progressive are insurance companies, duly licensed and authorized to engage in the insurance business in the State of Texas. Both Defendants regularly engage in the insurance business in the State of Texas.

7. A declaratory judgment in this case will serve a useful purpose in clarifying and settling legal relations at issue between Plaintiff Hassan and Defendants United and Progressive. It will also provide relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

9. This case arises out of a May 21, 2019 incident that occurred in Milam County, Texas.

## CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

## FACTS – THE UNDERLYING INCIDENT

11. On May 21, 2019, Plaintiff Hassan was involved in a commercial motor vehicle crash in Milam County, Texas.

12. At approximately 11:00PM Plaintiff Hassan was driving a tractor-trailer south in the right lane of Highway 77 perpendicular to Highway 79.

13. As he approached the overpass (where Highway 77 travels over Highway 79), he saw another tractor-trailer fail to slow down while approaching the entrance to Highway 77.

14. At all times relevant, Plaintiff Hassan had the right-of-way while traveling on Highway 77.

15. The driver of the other tractor-trailer, Defendant John Doe, failed to yield the right-of-way to traffic already traveling on Highway 77.

16. To avoid colliding with the tractor-trailer and other traffic, Plaintiff Hassan had no choice but to steer out of the way.

17. During the evasive maneuver, Plaintiff Hassan's tractor-trailer rolled onto the right (passenger) side.

18. A disinterested witness saw the entire incident.

19. This witness was interviewed by the Rockdale Police Department.

20. In the interview, she confirms that the tractor-trailer attempting to enter Highway 77 failed to control the speed of the tractor-trailer.

21. Her statement confirms that the tractor-trailer attempting to enter Highway 77 approached the highway so closely as to be an immediate hazard to the other traffic on the highway.

22. The disinterested witness stated that the other tractor-trailer driver, John Doe, stopped after the incident, but later left before police arrived.

23. Plaintiff Hassan suffered severe injuries as a result of this crash.

## FACTS – THE INSURANCE POLICY

24. At the time of the collision, Plaintiff Hassan was a named insured under Policy Number 07845635 with Defendant United Financial Casualty Company ("the Insurance Policy").

25. The Insurance Policy was in force and in effect at the time of the collision.

26. The Insurance Policy was written by Defendant Progressive.

27. The Insurance Policy was underwritten by Defendant United.

28. Defendant Progressive is a wholly owned subsidiary of Defendant United.

29. The Insurance Policy contained, among other coverages, coverage for Uninsured/Underinsured Motorist benefits of in the combined single limit amount of $1,000,000.

30. The "Named Insured" on the Insurance Policy is CCM Express Inc.

31. Plaintiff Hassan is listed as a "Rated Driver" on the policy.

32. A true and correct copy of the Declarations Page of the Insurance Policy is attached to this Complaint as *Exhibit A*.

33. Plaintiff Hassan has complied with all conditions precedent in the Insurance Policy to bring this claim.

34. Defendant United promised to pay Plaintiff Hassan all sums which Defendant United is legally obligated to pay under the Insurance Policy, including loss caused by bodily injury from the owner or operator of an uninsured motor vehicle arising out of the ownership, maintenance, or use of such uninsured motor vehicle.

35. According to the Insurance Policy, an "Uninsured auto" means an auto or trailer of any type:…that is a hit-and-run vehicle whose operator or owner cannot be identified and which causes bodily injury to you…without actual physical contact with you…or a vehicle that you…are occupying, if:…(i) a disinterested witness independently verifies the bodily injury was caused by the hit-and-run vehicle whose operator or owner cannot be identified; and (ii) the insured, or someone on his or her behalf, reports the accident to the police or civil authority within twenty-four (24) hours or as soon as practicable after the accident." *See Exhibit B attached.*

36. In a letter dated April 10, 2020, Denise Miller on behalf of Defendants United and Progressive stated that "the phantom vehicle does not appear to qualify as an uninsured auto under our policy." *See Exhibit C attached.*

## COUNT ONE – JOHN DOE'S NEGLIGENCE

37. At all times relevant, John Doe was negligent in the operation of his tractor-trailer, and this negligence caused Plaintiff Hassan's injuries and damages.

38. At all times relevant, John Doe owed Plaintiff Hassan and the public at large duties of care to operate the commercial motor vehicle in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation of commercial motor vehicles.

39. Upon information and belief, John Doe breached these duties in one or more of, but not limited to, the following ways:

    39.1. Failing to keep a proper lookout;

    39.2. Failing to maintain control of the commercial motor vehicle;

    39.3. Failing to drive at a safe speed;

    39.4. Failing to maintain attention while driving;

    39.5. Failing to slow to a speed that is reasonable under the circumstances when approaching an intersection on a roadway controlled by a yield sign pursuant to Texas Transportation Code 545.153(c)(1);

    39.6. Failing to yield the right-of-way to a vehicle in the intersection or approaching on another highway so closely as to be an immediate hazard to the operator's movement in or across the intersection pursuant to Texas Transportation Code 545.153(c)(2); and

    39.7. Failing to operate the commercial motor vehicle the way a prudent truck driver would have under the same or similar circumstances or doing that which a truck driver of ordinary prudence would not have done under the same or similar circumstances.

40. John Doe's negligent conduct violated laws intended to protect and prevent crashes with road users like Plaintiff Hassan.

41. Each of these acts and omissions, whether taken singularly or in combination, constitute a direct and proximate cause of Plaintiff Hassan's injuries and damages.

42. Plaintiff Hassan's damages include, at a minimum, reasonable and necessary medical expenses in the past and future, physical pain and suffering in the past and future, and physical impairment in the past and future.

43. John Doe has not been identified.

44. There was no actual physical contact between Plaintiff Hassan's tractor-trailer and John Doe's tractor-trailer.

## COUNT TWO – REQUEST FOR DECLARATORY JUDGMENT

45. Plaintiff Hassan brings this request for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

46. Plaintiff Hassan seeks a declaratory judgment from the Court that:

   46.1. Plaintiff Hassan is entitled to recover uninsured motorist benefits from the Insurance Policy as a result of the collision that occurred on May 21, 2019 in Milam County, Texas;

   46.2. The Insurance Policy, which contained $1,000,000 in coverage for Uninsured motorist benefits, was in full force and effect at the time of the collision;

   46.3. The negligence of the other tractor-trailer driver, John Doe, proximately caused the collision;

- **46.4.** The negligence of the other tractor-trailer driver, John Doe, proximately caused Plaintiff Hassan's injuries and damages; and

- **46.5.** The other tractor-trailer driver was driving an "uninsured auto" as defined in the Insurance Policy.

**47.** Plaintiff also requests that the Court provide declaratory relief regarding the amount of Plaintiff Hassan's damages including, at a minimum, reasonable and necessary medical expenses in the past and future, physical pain and suffering in the past and future, and physical impairment in the past and future.

**48.** A declaratory judgment in this case will serve a useful purpose in clarifying and settling legal relations at issue between Plaintiff Hassan and Defendants United and Progressive. It will also provide relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

## JURY DEMAND

**49.** Plaintiff demands a trial by jury on all issues.

## PRAYER

**50.** For these reasons, Plaintiff Hassan asks for judgment against Defendants for the declaratory relief requested above and the following:

- **50.1.** Actual damages;
- **50.2.** Pre-judgment and post-judgment interest;
- **50.3.** Reasonable attorney fees;
- **50.4.** Costs of suit; and
- **50.5.** All other relief the Court deems appropriate.

Respectfully submitted,

By: _____
Jacob S. Leibowitz
Attorney-In-Charge
Western District of Texas No. 24066930
COWEN | RODRIGUEZ | PEACOCK
6243 IH-10 West, Suite 801
San Antonio, Texas 78201
T (210) 941-1301
F (210) 579-8968
Email: jacob@cowenlaw.com
Email for Service: efilings@cowenlaw.com

**COUNSEL FOR PLAINTIFF
SAHAL YOUSSUF HASSAN**